UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81007-ROSENBERG

SHANNON N BARNEY,

    Plaintiff,

v.

GOLDORO DEVELOPMENTS, INC.,
d/b/a BLUEWATER RADIOLOGY, et al.,

    Defendants.
_____/

## ORDER GRANTING PLANTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Shannon Barney's Second Amended Motion for Summary Judgment [DE 37]. Defendants did not file a Response to the Motion. The Court has reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Shannon Barney filed this case in state court on May 30, 2023, against her former employer, Defendants Goldoro Developments, Inc. (doing business as Bluewater Radiology) and Ciro Adamo. *See* DE 1-2. On July 7, 2023, Defendants removed the case to this Court. *See* DE 1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA") and Florida wage laws, as well as claims for breach of contract, breach of oral agreement, and misrepresentation. *See generally* DE 1-2.

Plaintiff alleges that Defendant Adamo offered her a position with Medvue Diagnostic Imaging, Inc. in January 2021, one month after the company had dissolved. *Id.* ¶¶ 6-9. After executing the employment agreement, Defendant Adamo represented to Plaintiff that Medvue was

not in operations and that Plaintiff would serve as Director of Operations of a different company, Bluewater Radiology. *Id.* ¶ 10.  Defendant Adamo told Plaintiff that the terms of her original agreement would remain the same and effective for her position with Bluewater. *Id.* ¶ 11.  Plaintiff agreed orally. *Id.*  The agreement included a base salary of $140,000.00 paid every two weeks, group health insurance, and paid vacation days. *Id.* ¶¶ 13-17.

Plaintiff alleges that Bluewater failed to carry out the terms of the contract.  In particular, after Plaintiff was terminated on March 3, 2023, Bluewater failed to pay Plaintiff for her last two weeks of work, as well as five weeks of accrued, unused vacation time at her contracted rate as provided in her employment agreement and oral agreement. *Id.* ¶¶ 20-21, 23-30.

On February 6, 2024, Plaintiff filed a Motion for Summary Judgment with an incorporated Statement of Material Facts. DE 26.  Neither Defendant responded to the Motion.[1]  On February 21, 2024, the Court advised Defendants that if they did not respond to the Motion by February 27, 2024, the Court may deem Plaintiff's facts in support of its Motion admitted. DE 27.  No response appears on the docket.

On March 20, 2024, the Court ordered Plaintiff to file a Notice attaching a more detailed affidavit with bank statements as to her request for healthcare insurance damages. DE 28.  In lieu of a Notice, Plaintiff filed her First Amended Motion for Summary Judgment [DE 29], to which Defendants similarly did not respond.  The Court denied the First Amended Motion without prejudice on May 16, 2024, ordering Plaintiff to file a second amended motion with more analysis

---

[1] Notably, Defendant Adamo is the only active defendant, as Defendant Goldoro Developments, Inc. is a corporation and therefore cannot appear pro se. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). The Court entered a default against Defendant Goldoro on January 26, after advising Goldoro that the Court may do so if Goldoro did not retain counsel. *See* DE 23, 24.

of legal and factual issues regarding each claim. On May 24, 2024, Plaintiff filed her Second Amended Motion for Summary Judgment. DE 37. No response from Defendants appears on the docket.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which

he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III.   ANALYSIS

As a threshold matter, Defendants failed to respond to Plaintiff's Second Amended Motion for Summary Judgment. Federal Rule of Civil Procedure 56(e) states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

The Court previously warned Defendants that if they did not respond to Plaintiff's motion, the Court may deem the facts in Plaintiff's motion admitted. *See* DE 27. As no response to the Second Amended Motion appears on the docket, the Court deems the facts in Plaintiff's Second Amended Motion for Summary Judgment admitted by Defendants pursuant to Rule 56(e)(2). Fed. R. Civ. P. 56(e)(2). The Court now moves to an analysis of each count to determine whether Plaintiff is entitled to summary judgment under Rule 56(e)(3).

   A.   *Count I: FLSA Claim*

Plaintiff argues that Defendant Goldoro Developments, Inc. violated the FLSA by failing to remit payment to Plaintiff for her last two weeks of work following her termination on March 3, 2023. DE 37 at 6. Under the FLSA, employers have an obligation to pay at least a minimum

wage to their employees for all hours worked. *See* Fair Labor Standards Act of 1938 § 6, 29 U.S.C. § 206. However, persons employed in a "bona fide executive, administrative, or professional capacity" are considered "exempt employees" for the purposes of the minimum wage requirements. *Id.* § 213(a)(1). Employers have a duty to pay exempt employees "the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a)(1). To qualify for the executive exemption, an employee must be paid on a salary basis at a rate of at least $455.00 per week and must: (A) have management as his or her primary duty; (B) customarily and regularly direct the work of two or more employees; and (C) have authority to hire or fire other employees or have his or her recommendations as to the hiring, firing, advancement, promotion, or other change in status of employees, considered seriously. *See* 29 C.F.R. § 541.100(a). Pursuant to 29 U.S.C. § 216(b), "Any employer who violates the [FLSA]… shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages."

Here, the following material facts have been deemed admitted due to Defendants' nonresponse:

- Plaintiff worked for Defendants from February 15, 2021, through March 3, 2023. DE 37 ¶ 13.

- Defendants terminated Plaintiff's employment on March 3, 2023. *Id.* ¶¶ 10-12.

- Plaintiff's final paycheck was due on March 8, 2023, and should have included two weeks of services rendered to Defendants. *Id.* ¶¶ 14-15.

- Defendants failed to pay Plaintiff on March 8, 2023. *Id.* ¶ 16. To date, Plaintiff has not received payment for her final two weeks of employment. *Id.* ¶ 21.

5

- Plaintiff's base salary was $140,000.00 annually, paid on a bi-weekly basis. *Id.* ¶ 8. Barney was due $5,384.62, less applicable taxes and withholdings, in payment of services she rendered between February 20, 2023, to March 3, 2023. *Id.* ¶ 11.

- As Director of Operations, one of Plaintiff's primary duties was "setting salary levels, hiring and supervising all staff." DE 37-2 Exh. 1 at 1. Plaintiff hired and supervised "all medical, administrative, and IT staff needed to properly run the clinics." DE 37-2 ¶ 3. Plaintiff supervised more than two employees across Bluewater's multiple locations. *Id.* ¶ 13.

First, Plaintiff qualifies for the executive exemption under the FLSA. Plaintiff's rate of pay is well over $455.00 per week.[2] Additionally, the admitted facts demonstrate that Plaintiff's primary duties included: (1) managing the company; (2) customarily and regularly directing the work of at least two or more full-time employees or their equivalent; and (3) hiring and firing other employees. *See* DE 29 at 8. Therefore, Plaintiff is an exempt employee.

Second, as Plaintiff is an exempt employee and worked the two weeks prior to her termination, Defendants had a duty to pay her full salary for those two weeks. Plaintiff's base salary was $140,000.00 annually, or $2,692.31 weekly, so her bi-weekly salary was $5,384.62, less applicable taxes and withholdings. Defendants still have not paid Plaintiff. Therefore, Plaintiff's Second Amended Motion for Summary Judgment is **GRANTED** as to Count I insofar as Plaintiff requests $5,384.62 in backpay for her last two weeks of work and $5,384.62 of liquidated damages, for a total of $10,769.24.[3]

---

[2] As Plaintiff's annual base salary is $140,000.00, her weekly pay is about $2,692.31.
[3] Plaintiff had previously argued that she was also owed five weeks' worth of vacation leave under the FLSA. She has withdrawn those arguments in her Second Amended Motion for Summary Judgment. *See* DE 37 at 6 n.3.

B.  *Count II: Florida Wage Law Claim*

Plaintiff also argues that Defendant Goldoro Developments, Inc.'s failure to remit her backpay violated the Florida Minimum Wage Act ("FMWA"). DE 37 at 13. The Court's analysis under the FMWA is the same as the FLSA. *See Anagnos v. Neslen Residence, Inc.*, 721 Fed. App'x 901, 904 (holding that the FMWA reflects the minimum wage and exemption provisions under the FLSA); Fla. Stat. § 448.110(6)(c) ("Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.") As the same facts apply, Plaintiff's Second Amended Motion for Summary Judgment is similarly **GRANTED** as to Count II.

C.  *Counts III and IV: Breach of Contract and Breach of Oral Agreement*

Next, Plaintiff argues that she is entitled to summary judgment because Defendant Goldoro Developments, Inc.'s failure to remit payment for her five weeks of vacation constitutes a breach of contract and breach of oral agreement.[4] "To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages." *Deauville Hotel Mgmt., LLC v. Ward*, 219 So.3d 949, 953 (Fla. Dist. Ct. App. 2017).

Here, the following material facts have been deemed admitted due to Defendants' nonresponse:

- On January 11, 2021, Plaintiff entered into a written employment agreement ("Agreement") to serve as Director of Operations with Medvue Diagnostic Imaging, Inc. after being offered the position by Defendant Adamo. DE 37 ¶¶ 3-4.

---

[4] Plaintiff had previously argued that she was also owed reimbursement of healthcare premium costs. Plaintiff does not address that argument in the Second Amended Motion for Summary Judgment.

- After the execution of the Agreement, Defendant Adamo represented to Plaintiff that Medvue was no longer in operation. *Id.* ¶ 5.  Instead, he represented to Plaintiff that (1) Plaintiff would be acting as the Director of Operations for Bluewater and (2) the terms of the Written Agreement would remain the same and effective as to her position with Bluewater, including an anticipated start date of February 21, 2021. *Id.* ¶¶ 5-6.
- Plaintiff "relied on and accepted" Defendant Adamo's offer. *Id.* ¶ 6.
- In accordance with all terms and conditions of the Agreement, Barney rendered services to Bluewater from February 15, 2021, through March 3, 2023. *Id.* ¶ 13.
- Pursuant to the Agreement, Plaintiff's employment was at-will. DE 37-2 Exh. 1 at 3.
- Pursuant to the Agreement, Plaintiff's base salary was $140,000.00 annually, paid on a bi-weekly basis. DE 37 ¶ 8.
- Pursuant to the Agreement, during Plaintiff's third full year of employment, Plaintiff was be entitled to five (5) weeks of paid vacation at her contracted rate. *Id.* ¶ 9.  Plaintiff's third full year of employment commenced on February 15, 2023, as she started working for Bluewater on February 15, 2021. *Id.* ¶¶ 9, 13.
- As of her termination on March 3, 2023, Plaintiff had not used any of her paid vacation leave. DE 37-2 ¶ 11.
- Plaintiff's final paycheck was due on March 8, 2023, and should have included five weeks of accrued, unused vacation time. DE 37 ¶¶ 14-15.

- Defendants failed to pay Plaintiff on March 8, 2023. *Id.* ¶ 16.  To date, Plaintiff has not received payment for her vacation time. *Id.* ¶ 21.

It is uncontested that Plaintiff and Defendants entered into a lawful written agreement on January 11, 2021.  Furthermore, it is uncontested that Plaintiff and Defendants modified the Agreement, changing the name of the company for which Plaintiff would work but adopting all other provisions of the Agreement.[5]  Under the Agreement, Plaintiff earned five weeks of paid vacation upon the commencement of her third year of employment, equivalent to $13,461.55.  Upon her separation, Plaintiff was entitled to all unused, accrued vacation.  To date, Defendants have not compensated Plaintiff for her unused vacation time, breaching the Agreement.  Therefore, Plaintiff's Second Amended Motion for Summary Judgment is **GRANTED** as to Counts III and IV of the Complaint.

D. *Count V: Misrepresentation*

Plaintiff also included Count V, alleging misrepresentation by Defendants.  The Court need not reach Count V, as Plaintiff seeks no additional relief—and therefore has been made whole—with respect to summary judgment on the other four counts.

## IV.   CONCLUSION

It is **ORDERED AND ADJUDGED** that

- Plaintiff's Second Amended Motion for Summary Judgment [DE 37] is **GRANTED** as to Counts I through IV.

---

[5] The Court notes that under Florida law, "[t]here can be no oral modification of an agreement which was required to be in writing by the statute of frauds." *United Omaha Life Ins. Co. v. Nob Hill Assocs.*, 450 So. 2d 536, 539 (Fla. Dist. Ct. App. 1984).  However, failure to comply with the statute of frauds is an affirmative defense that is deemed waived unless pleaded. *Trans World Marine Corp. v. Threlkeld*, 201 So. 2d 614, 614 (Fla. Dist. Ct. App. 1967).  Here, since Defendants failed to raise this affirmative defense in their answer, they "waive[] their right to raise this issue" at this stage. *See Hewitt v. Mobile Rsch. Tech., Inc.*, 285 Fed. App'x 694, 696 (11th Cir. 2008); DE 11.

9

- The Clerk of Court is directed to **CLOSE THIS CASE**.

- Plaintiff shall e-mail a proposed final judgment to the Court in Microsoft Word format to rosenberg@flsd.uscourts.gov within three business days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of July, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record