UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-81007-ROSENBERG/REINHART

SHANNON N. BARNEY,

        Plaintiff,

v.

GOLDORO DEVELOPMENTS, INC., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 40]

Plaintiff, Shannon Barney moves for attorney's fees and costs following Judge Rosenberg's entry of final judgment in her favor. ECF Nos. 38–39. Ms. Barney seeks $35,787.00 which includes $35,082.00 in attorneys' fees, and $705.00 in costs. ECF No. 40. The Defendants Goldoro Developments, Inc., and Ciro Adamo have not responded to the Motion and the time for a response has expired. I have reviewed Ms. Barney's Motion and the accompanying affidavits and for the reasons that follow, I **RECOMMEND** Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED IN PART** and **DENIED IN PART.**[1]

---

[1] Judge Rosenberg referred this Motion for "appropriate disposition." ECF No. 41. I submit my findings in a Report and Recommendation as required by Federal Rules of Civil Procedure 54(d)(2)(D) and 72(b).

I.       LEGAL PRINCIPLES

1. <u>Attorneys' Fees</u>

The prevailing party in a Fair Labor Standards Act ("FLSA") action can be awarded a "reasonable attorney's fees and costs of the action." 29 U.S.C. 216. Likewise, under the Florida's Labor Regulations. *See* Fla. Stat. 448.109. In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423,427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[2]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

---

[2] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. See *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at 1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the *least* amount necessary to litigate the case effectively") (emphasis in original). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). See also *Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

3

168 F.3d at 427 (citations and quotations omitted). In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

Even though Defendant has not objected to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

## II.   DISCUSSION

1. <u>Attorneys' hourly rate</u>

Ms. Barney is represented by the Brennan, Manna, and Diamond Law Firm. The Law Firm spent a total of 140.30 hours on the case at rates that ranged between $225–$380 for attorneys, $200 for a paralegal, and $135 for a law clerk. ECF No. 40-1 at 11. First, I find the attorneys' respective rates to be inconsistent. Four attorneys worked on this case, three of which are partners. *Id.* The Firm charged $225 for one partner's time, $325 for another, and $380 for a third. *Id.* On the other hand, the Firm charged $275 for the associate's time. *Id.* Counsel has not submitted any

4

supplemental documentation explaining the difference in the rates, or each respective attorney's experience. It was Plaintiff's burden to supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. *Barnes*, 168 F.3d at 427. Plaintiff failed to do so. So, relying on my own knowledge and experience, the associate's rate should be reduced $225 and all the partners' rates should be $300. Next, I find the paralegal and law clerk rates to be excessive given the prevailing market rates. And, for the same reasons, the paralegal's rate should e reduced to $125 and the law clerk's rate to $75. *See, Minden Pictures, Inc. v. SEPI Mktg. Corp.,* 22-cv-62135, 2023 WL 7490765, at *2 (S.D. Fla. Aug. 23, 2023) (finding counsel's paralegal rate of $125 to be reasonable); *see also Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal).

2. Hours Expended

The attorneys' billing records indicate that they spent 140.3 hours litigating this case on behalf of Plaintiff in approximately one year and four months. ECF No. 40-1. During this time, the attorneys filed a complaint, participated in discovery, attended mediation, moved for summary judgment, and received final judgment in favor of their client ECF Nos. 16, 18, 25, 29, 39.

Some of the attorneys' billing entries charge excessive time for simple tasks (i.e., .30 hours on a follow up email, .20 hours finalizing an email, .50 hours for "review and legal analysis of pretrial deadlines and pretrial stipulation certification"). I find this practice excessive, and those hours should be reduced by one third. *See DaSilva*

5

*v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at 7 (S.D. Fla. June 9, 2009) (citing *Denner v. Texas Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at 3 (W.D. Tex. Jan. 29, 2007) ("[C]ourt found attorney billed an excessive amount of time for reviewing emails, where she appeared to have billed .1 hour for each email she read."); *Alexandre v. Millenia Hous. Mgmt., Ltd.,* No. 19-80612-CIV, 2020 WL 9458895, at 5 (S.D. Fla. Mar. 4, 2020), report and recommendation adopted, No. 19-80612-CIV, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020).

Other time entries are vague (i.e., time entry titled "attention to computer return issues" for .5 hours, or "attention to discovery issues" for .5 hours) and or duplicative (i.e., the paralegal and law clerk billed for research on the same topic on the same day and the paralegal and partner billed for reviewing and revising the motion for summary judgment on the same day) Or, where a partner billed for the same task back-to-back (i.e., time entry titled "review and revise mediation statement" for .30 hours and "review and finalization of mediation statement" for .30 hours and time entries titled "review and revise complaint and legal research in connection with the same" for 3.80 hours and "review and legal analysis of complaint and client documents and revise complaint" for 1 hour). *See* ECF No. 40-1 at 8, 10. And, without sufficient particularity, I cannot assess the time claimed for each activity. *Barnes*, 168 F.3d at 427. So, those time entries should be stricken. The partners' hours should be reduced to a total of 59.36, the associate's hours should be reduced to a total of 17.3, the paralegal's hours should be reduced to a total of 41.36,

6

and the law clerk's hours should remain the same. For a total of 123.32 hours in the amount of $27, 268.00.[3]

   3. Plaintiff's Motion for Costs

As the prevailing party, Federal Rule of Civil Procedure Rule 54(d) permits the Plaintiff to recover her costs subject to cost types permitted under 28 U.S.C. § 1920. Plaintiff seeks reimbursement of $685.00 in mediation fees and $20.00 in remote notary fees. Mediation services fees are discretionary under the uniform guidelines, I find they are reasonably necessary to prosecute the case and should be awarded. *In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So. 2d 612, 616-17 (Fla. 2005). But, the Plaintiff should not be entitled to recover the $20.00 in notary fees. Notary fees are not taxable under Section 1920.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Attorneys' Fees and Costs in that Plaintiff recover attorneys' fees in the amount of $27, 268.00 and costs in the amount of $685.00 for a total of $27,953.00.

---

[3] This sum includes a total of 16.98 hours stricken as vague or duplicative or reduced by one-third.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 31st day of October 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

8