UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81007-RLR

SHANNON N. BARNEY,

    Plaintiff,

v.

GOLDORO DEVELOPMENTS, INC.,
CIRO ADAMO, M.D.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENTS, AND
DENYING AS MOOT DEFENDANTS' MOTION FOR EXTENSION OF TIME**

**THIS CAUSE** is before the Court on the Motion for Relief from Judgments and for Extension of Time to Comply with Order Compelling Discovery by Defendants Goldoro Developments, Inc. and Ciro Adamo. DE 55. The Court has reviewed the Motion, Plaintiff Shannon N. Barney's Response [DE 57], and Defendants' Reply [DE 59], and the record, and is fully advised in the premises. For the reasons below, Defendants' Motion for Relief from Judgments is **GRANTED IN PART and DENIED IN PART** and Defendants' Motion for Extension of Time is **DENIED AS MOOT**.

    **I.**    **PROCEDURAL BACKGROUND**

Plaintiff Shannon Barney filed this case in state court on May 30, 2023, against her former employer, Defendants Goldoro Developments, Inc., d/b/a Bluewater Radiology ("Goldoro"), and Ciro Adamo. *See* DE 1-2. Against Defendant Goldoro, Plaintiff brought claims under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"), as well as claims for breach of contract and breach of oral agreement. DE 1-2. Against Defendant Adamo, Plaintiff

brought a claim for misrepresentation. DE 1-2.  Defendants removed the case to this Court on July 7, 2023. *See* DE 1.  Defendants filed an answer and affirmative defenses on July 21, 2023. DE 11.  The parties participated in an unsuccessful mediation on October 25, 2023. DE 16.

On December 14, 2023, Defendants' legal counsel withdrew from the case. DE 20.  On February 6, 2024, when Defendants were unrepresented, Plaintiff filed three motions for summary judgment. *See* DE 37.  The Court required Plaintiff to amend her motions for summary judgment because, among other reasons, Plaintiff's motions lacked full briefing on various factual and legal bases for Plaintiff's FLSA claim. *See* DE 34 at 1–2.

Defendants did not respond to any of Plaintiff's motions.  On July 1, 2024, the Court granted Plaintiff's Second Amended Motion for Summary Judgment. DE 38.  The Court determined that Defendants were liable as to Count I under the FLSA because Defendants did not pay Plaintiff for her last two weeks of work, *id.* at 6; that Defendants were liable as to Count II under the FMWA for the same reason, *id.* at 7; and that Defendants were liable for Counts III (breach of contract) and IV (breach of oral agreement) because Defendants did not compensate Plaintiff for her unused vacation time, *id.* at 9.  The Court did not reach Count V (misrepresentation) because Plaintiff sought no additional relief and was therefore made whole with respect to summary judgment on the other four counts. *Id.*

On July 12, 2024, the Court entered a final judgment for Plaintiff in the amount of $24,230.79 in damages. DE 39.  On August 1, 2024, Plaintiff moved for attorney's fees under the FLSA and FMWA, which this Court referred to the Honorable Bruce E. Reinhart for his report and recommendation. DE 42.  Defendants did not respond or object.  The Court adopted Judge Reinhart's report and recommendation on November 15, 2024, awarding Plaintiff $27,268.00 in

2

attorney's fees and $685.00 in costs. DE 44.  On January 21, 2025, Plaintiff filed a Motion to Compel Discovery in Aid of Execution. DE 45.  The Court referred the Motion to Compel to Judge Reinhart, who granted the motion in part. DE 50.

Then, on February 25, 2025, Defendants retained counsel. DE 47.  That counsel withdrew two weeks later. DE 53.

On April 4, 2025—after Defendants retained their current counsel—Defendants moved for relief from the Court's judgments pursuant to Fed. R. Civ. P. 60(b)(1) as well as an extension of time to comply with the Court's order compelling responses to discovery in aid of execution. DE 55.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) "authorizes a court to reopen a final judgment under certain enumerated circumstances." *Kemp v. United States*, 596 U.S. 528, 531 (2022).  Rule 60(b) is a remedial rule that "should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).[1]  "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

"Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect,' so long as the motion is filed 'within a reasonable time,' and, at most, one year after the entry of the order under review." *Kemp*, 596 U.S. at 531 (citing Fed. R. Civ. P. 60(b)(1), (c)(1)).  "The term 'mistake' in Rule 60(b)(1) includes legal errors made by

---

[1] In B*onner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

judges." *Clements v. Gov. of Fla.*, No. 23-13766, 2024 WL 1882172, at *1 (11th Cir. Apr. 30, 2024) (citing *Kemp*, 596 U.S. at 535). "[W]here a district court's mistake was clear on the record and involved a plain misconstruction of the law and the erroneous application of that law to the facts, compelling policies of basic fairness and equity reflected by 60(b) may mandate amendment to conform its judgment to the law." *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir. 1979) (quotation marks omitted)).

Whether to grant Rule 60(b) relief is "a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

### III.  ANALYSIS

Defendants move for relief from the Court's judgment under Rule 60(b)(1) based on the Court's errors of law. DE 55. Defendants first contend that Plaintiff, as an exempt employee, cannot be awarded relief under the FLSA, and therefore also cannot be awarded relief under the FMWA. Defendants next contend that Plaintiff was not entitled to five weeks of paid vacation, which had formed the bases of Plaintiff's breach of contract and breach of oral agreement claims. Finally, Defendants contend that Adamo is not liable for the Court's judgments. Plaintiff objects to Defendants' contentions and argues that Defendants have not presented compelling justifications that would require the Court to vacate its final judgment and fee award. DE 57.

Plaintiff has also argued, in the alternative, that Defendants' Motion is untimely because it was not brought within the time allowed to perfect an appeal. DE 57 at 4. Plaintiff has cited to *Kemp* for the proposition that Courts of Appeals have used the "reasonable time" requirement for Rule 60(b) motions "to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (*e.g.*, in a timely appeal)." 596 U.S. at 538 (citing

4

*Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013).  Plaintiff relies on *Real Property*, in which the Eleventh Circuit construed the government's motion as a Rule 60(b)(1) motion and then denied it, among other reasons, because it was untimely, even though it was brought within the one-year period. *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 791–92 (11th Cir. 1991).

"[T]he time allowable for taking an appeal," however, "is not a per se limitation on filing of a Rule 60(b)(1) motion." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) (discussing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976)).  The text of Rule 60(c)(1), which governs the timing of a Rule 60(b)(1) motion, states that the motion must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order, or the date of the proceeding." *See also Kemp*, 596 U.S. at 533; 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed. 2025).

Here, final judgment was entered against Defendants on July 1, 2024, DE 39, and the order granting attorney's fees was entered against Defendants on November 15, 2024, DE 44. Defendants moved for relief from the judgments on April 4, 2025, less than one year after the entry of final judgment. DE 55.  Defendants have raised a compelling basis for their Motion—clear legal error, as discussed below.  Furthermore, Defendant Adamo admits that after the death of Defendants' business advisor, who served as the primary contact with Defendants' legal counsel, Adamo "dropped the ball on this case" and failed to monitor the lawsuit. DE 55 at 2.  But Defendants are unlike the litigants in the cases Plaintiff cites from the Eleventh Circuit:  In *Godwin*, the litigant had moved for Rule 60(b)(1) relief two years after attempting to appeal. *Godwin v. Sec'y, Dep't of Corr.*, No. 8:16-CV-2253-T-23SPF, 2022 WL 22860320, at *2 (M.D. Fla. Aug.

5

16, 2022). In *Real Property*, the Eleventh Circuit found untimely the government's Rule 60(b) motion seeking costs after a forfeiture; the Eleventh Circuit's decision was "reinforced" by the court's heavy skepticism regarding the government's "*proffered* excuse" for why it failed to move for costs earlier, despite having actively participated in the litigation. 920 F.2d at 791–92 (emphasis in original).

Based on these comparisons, the Court determines that Defendants' Motion, though filed after the time to perfect an appeal, does not raise the same concerns of abusive litigation. Having determined that Defendants' Motion is timely, the Court next addresses in turn Defendants' arguments for relief as to each count.

**A.     Count I – Plaintiff's Entitlement to Relief Under the Fair Labor Standards Act**

Defendants first argue that Plaintiff, an exempt employee, cannot be awarded relief under the FLSA. DE 55 at 5. The FLSA imposes minimum wage and overtime pay requirements for covered employees, 29 U.S.C. §§ 206, 207(a)(1), and creates a statutory right of action for covered employees to sue for back pay, liquidated damages, and reasonable attorney's fees and costs, § 216(b). Congress removed certain employees from FLSA coverage. *See generally* 29 U.S.C. § 213. So long as their status remains exempt under the FLSA, these employees are not entitled to relief under the FLSA. *See, e.g.*, *Pioch v. IBEX Engineering Services, Inc.*, 825 F.3d 1264, 1273 (2016) (holding that because the employee was exempt from the FLSA's coverage, he "was not entitled to recover anything under the FLSA").

In the Court's Order Granting Plaintiff's Second Amended Motion for Summary Judgment, the Court determined that Plaintiff is an exempt employee, and that Defendants did not pay Plaintiff's full salary for her last two weeks of work. DE 58 at 6. Based on these findings, the

6

Court proceeded to award Plaintiff $5,384.62 in backpay and $5,384.62 in liquidated damages. DE 58 at 6.  This was an error.  The Court incorrectly relied on 29 C.F.R. § 541.602, which delineates the salary requirements to define exempt status.  Although 29 C.F.R. § 541.602(a)(1) states that "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked," it does not provide a right to sue.  And 29 U.S.C. § 216—which *does* provide a right to sue—covers only non-exempt employees. 29 U.S.C. § 213.

Therefore, because Plaintiff acknowledges that she was exempt, Plaintiff is eligible to recover under the FLSA only if Plaintiff is correct in her argument that her exempt status changed to non-exempt because Defendants failed to pay Plaintiff her final paycheck. DE 37 at 7–8 (providing the factual bases for Plaintiff's classification as an exempt, executive employee under the FLSA); DE 37 at 8–10 (citing 29 C.F.R. § 541.603(b) (providing that if an employer has an actual practice of making improper deductions from an exempt employee's salary, the exemption is lost during the period in which the improper deductions were made)).

The Eleventh Circuit addressed this issue in *Pioch*. 825 F.3d at 1271.  In *Pioch*, the Eleventh Circuit held that an hourly computer employee's exempt status under § 213(a)(17) did not change to non-exempt status during the three-week period when the employer withheld the employee's final paycheck. *Id.* at 1271–72.  That is, the employee's exempt status did "not evaporate simply because the employer withholds a final paycheck." *Id.*  In reaching this conclusion, the Eleventh Circuit examined *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361 (11th Cir. 1997).

7

In *Nicholson*, two managerial employees argued that their status as exempt administrative employees under § 213(a)(1) became non-exempt when they failed to receive their paycheck. The employees argued that because "the exemption required a minimum weekly salary," the employees "could not have been exempt as a matter of law because they never received a dime." *Pioch*, 825 F.3d at 1269 (discussing *Nicholson*, 105 F.3d at 1362 (quotation marks omitted)). The Eleventh Circuit determined that the *Nicholson* employees' interpretation of the FLSA was "unusual" and "would convert an entire category of state contract law actions into federal labor suits." *Nicholson*, 105 F.3d at 1362. Emphasizing Congress's intent in enacting the FLSA, the Eleventh Circuit rejected the *Nicholson* employees' proffered interpretation of the FLSA "[b]ecause Congress did not intend such a result for well-compensated, highly responsible positions." *Id.*

The Eleventh Circuit in both *Nicholson* and *Pioch* emphasized that the FLSA "is not a vehicle for litigating breach of contract disputes between employers and employees." *Pioch*, 825 F.3d at 1271. Here, like the plaintiffs in *Pioch* and *Nicholson*, Plaintiff does not dispute that her status was exempt.[2] DE 37 at 7–8. Plaintiff's sole argument as to why her status changed to non-exempt was that Defendants failed to pay Plaintiff her final paycheck. *Id.* at 8–10. Given the Eleventh Circuit decisions, Plaintiff's argument is unavailing. Furthermore, even if Plaintiff's status had changed to non-exempt, Plaintiff "has failed to take into account that, under the FLSA, [s]he is only entitled to the federal minimum hourly wage." *Bowers v. Trading Card World LLC*, 22-22897-CIV, 2023 WL 5154316, at *4 (S.D. Fla. July 26, 2023), *report and recommendation*

---

[2] Plaintiff cites to *Edwards v. Clinical Research Consultants, Inc.*, in which the district court disagreed with the defendants' contention that, based on *Pioch* and *Nicholson*, the defendants' failure to pay the plaintiffs "waived" the plaintiffs' exempt status. No. 2:15-CV-902-TMP, 2017 WL 2265834, at *8–10 (N.D. Ala. May 24, 2017). The district court emphasized, however, that the *Edwards* plaintiffs disputed whether they were exempt *before* their paychecks were withheld. *Id.* at *9–10. Like the plaintiffs in *Pioch* and *Nicholson*, Plaintiff here does not dispute that she was exempt—and the Court is persuaded that *Pioch* and *Nicholson* make clear that Plaintiff did not become non-exempt when Defendants withheld her final paycheck.

8

*adopted*, 2023 WL 5139371 (S.D. Fla. Aug. 10, 2023); *see also Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1269 n.3 (11th Cir. 2016) ("[The Plaintiff] does not explain why, if he is seeking minimum wage recovery under the FLSA, he is entitled to recover his hourly rate, which far exceeds the minimum wage.").

Therefore, because Plaintiff's employment status did not change to non-exempt when Defendants withheld Plaintiff's paycheck, it was legal error to award Plaintiff $5,384.62 in backpay and $5,384.62 in liquidated damages under the FLSA.

**B.     Count II – Plaintiff's Entitlement to Relief Under the Florida Minimum Wage Act**

Defendants next argue that because Plaintiff is not entitled to relief under the FLSA, Plaintiff is also not entitled to relief under the Florida Minimum Wage Act ("FMWA"). Under the FMWA, "[o]nly those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act, as amended, and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section." Fla. Stat. § 448.110(3). The FMWA expressly incorporates the exemptions and restrictions in §§ 213 and 214 of the Fair Labor Standards Act "as interpreted by applicable federal regulations and implemented by the Secretary of Labor." *Anagnos v. Nelsen Residence, Inc.*, 721 F. App'x 901, 904 (11th Cir. 2018). A plaintiff's entitlement to minimum wages under the FMWA is dependent on the plaintiff's coverage under the FLSA. *Id.*

Based on the foregoing, because Plaintiff is not entitled to relief under the FLSA as an exempt employee, Plaintiff also is not entitled to relief under the FMWA. *See* Part III.A. It was therefore legal error to grant Plaintiff's Motion for Summary Judgment as to her FMWA claim.

### C.     Plaintiff's Entitlement to Attorney's Fees

Plaintiff's Motion for Attorney's Fees, which was granted in part in the amount of $27,268.00 in attorney's fees and $685.00 in costs, was premised on Plaintiff's right to recover attorney's fees under the FLSA and the FMWA. DE 44; 29 U.S.C. § 216(b); Fla. Stat. § 448.110(6)(c)1. Because Plaintiff was not entitled to recover under either the FLSA or the FMWA, *see* Parts III.A–B, the Court grants Defendant's Motion for Relief from the Court's Order Adopting the Report and Recommendations on Plaintiff's Motion for Attorneys' Fees and Costs [DE 44].

### D.     Counts III and IV – Plaintiff's Entitlement to Paid Vacation

Defendants next assert that the Court erred in granting summary judgment for Plaintiff as to Counts III (breach of contract) and IV (breach of oral agreement). Defendants first argue that the "written agreement" in question was, by its terms, an offer of at-will employment from which no claim for breach of contract may arise. DE 55 at 11 (citing *Scirotto v. City of Ft. Lauderdale*, No. 23-60424-CIV, 2023 WL 11814856, at *7 (S.D. Fla. 2023) (collecting cases)). An at-will employee, however, may still recover "compensation, benefits, or other rights accrued" prior to the employee's termination. *Patwary v. Evana Petroleum Corp.*, 18 So. 3d 1237, 1238 (Fla. Dist. Ct. App. 2009) (collecting cases). And Plaintiff attests that she entered into an Employment and Ancillary Agreement contract with Defendants that "memorialized the terms of [her] employment." DE 37 ¶ 4; DE 37-2 ¶ 3. Because Defendants did not object, this fact is properly deemed admitted. L.R. 56.1(c); Fed. R. Civ. P. 56(c)(3), (e)(2).

Defendants next argue that under the terms of the agreement, Plaintiff had not earned five weeks of paid vacation. DE 55 at 11. The agreement states that:

10

> The Company's current vacation policy allows you to be eligible to earn up to an initial three weeks of paid vacation during your first full year of employment; four weeks during your second year of full employment; and 5 weeks during your third year of full employment. Nevertheless, this policy can be revisited form [*sic*] time to time, and then revised or amended as agreed upon.

DE 37-2 at 9–10.  Given that Plaintiff worked only sixteen days into her third year of employment, Defendants argue, "she could not have possibly earned five weeks of vacation even if that vacation time was guaranteed, which it was not by the plain language in the document." DE 55 at 11–12.

Plaintiff's Statement of Facts, however, asserts that the agreement provides that "during [Plaintiff's] third full year of employment, [Plaintiff] would be entitled to five (5) weeks of paid vacation at her contracted rate," and that Plaintiff was due "$13,461.55 in payment for her accrued, unused vacation time," DE 37 ¶¶ 9, 11.  In support, Plaintiff cited to her affidavit, which states, "As of my termination on March 3, 2023, I had not used any of my accrued paid vacation leave. Furthermore, to date, I have not been compensated for the five (5) weeks of accrued paid vacation leave I was contractually entitled to under the Agreement." DE 37-2 ¶ 11.

Because Plaintiff's citation to her affidavit supports the proposition that she was entitled to five weeks of paid vacation, and because Defendants did not challenge her proposition, Plaintiff's proposition is deemed admitted.  Therefore, the Court did not err in awarding $13,461.55 to Plaintiff for Counts III and IV.

E.   **Defendant Adamo's Liability**

Finally, Defendants argue that the Court erred in entering judgment against "Defendants, Goldoro Developments, Inc. d/b/a Bluewater Radiology *and Ciro Adamo* in the amount of $24,230.79." DE 39 ¶ 1 (emphasis added).  The only claim in Plaintiff's Complaint against Defendant Adamo was Count V for misrepresentation, DE 1-2 at 12, which the Court did not reach

11

in its Order Granting Summary Judgment, DE 38 at 9. Therefore, the Court erred in including Defendant Adamo in the judgments as to Counts I, II, III, and IV, and grants Defendants' Motion to relieve Adamo from the judgments.

## IV. CONCLUSION

For the foregoing reasons, the Court committed legal error in its Order granting Plaintiff summary judgment as to Counts I and II, but not as to Counts III and IV. The Court entered the Final Judgment [DE 39] in question pursuant to Rule 58, which requires a full resolution of all of Plaintiff's claims for relief. Due to the Court's legal error as to Counts I and II, however, Plaintiff's counts have not all reached a final resolution. And because this matter would benefit from the complete resolution of all of Plaintiff's counts, the Court determines that the standard for a Rule 54(b) partial judgment on Counts III and IV is not met. *See* Fed. R. Civ. P. 54(b) (stating that the court may enter partial final judgment "only if the court expressly determines that there is no just reason for delay"). Therefore, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Rule 60(b) Relief from Judgments is **GRANTED IN PART and DENIED IN PART** to the extent that the Court committed legal error as to Counts I and II, but not as to Counts III and IV.

2. The Court accordingly **VACATES** the Order Granting the Second Amended Motion for Summary Judgment [DE 38], **VACATES** the Final Judgment [DE 39], and **VACATES** the Order Adopting the Report and Recommendation to Grant in Part Plaintiff's Motion for Attorney's Fees [DE 44].

3. The Clerk of Court shall **REOPEN** this case.

12

4. Because the Court has vacated its judgments and reopened the case, therefore rendering **MOOT** Plaintiff's need for discovery in aid of execution, *see* DE 50, the Court **DENIES AS MOOT** Defendant's Motion for Extension of Time to Comply with the Court's Order Granting in Part Plaintiff's Motion to Compel Discovery in Aid of Execution.

5. No later than June 4, 2025, the parties shall file case-management notices with the Court stating the parties' positions on how this case ought to proceed.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of May, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record